UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

v.

JULIUS HOUSTON,

Defendant.

CRIMINAL ACTION NO.

1:25-CR-00267-SEG-JSA

## **O R D E R**

On June 11, 2025, a grand jury returned an indictment charging Julius Houston with (1) knowingly possessing a "concealed dangerous weapon, that is, a Heritage Barkeep .22 caliber pistol, which would have been accessible to him during flight," when attempting to board a Spirit Airlines aircraft, in violation of 49 U.S.C. § 46505(b)(l) (Count One); and (2) knowingly and willfully entering an airport area with intent to evade security procedures and restrictions, by possessing a firearm while entering an airport security checkpoint area, in violation of 49 U.S.C. § 46314(a) and (b)(2) (Count Two).[1] The offenses are alleged to have occurred on November 8, 2022.  (Doc. 1.)

---

[1] Per the Government, the relevant security "procedures and restrictions" related to Count Two are found in 49 C.F.R. § 1540.111(a), which provides that an "individual may not have a weapon . . . on or about the individual's person or accessible property" when the individual is entering or in a sterile or screening area of an airport.  (Doc. 27 at 2.)

In three separate motions, Mr. Houston moves to dismiss Counts One and Two.  (*See* Def's Prelim. Mot. to Dismiss Count One (Doc. 14); Def's Mot. to Dismiss Count Two for Violation of Due Process (Doc. 21); Def's Mot. to Dismiss Count Two (Doc. 46).)  In each motion, Mr. Houston contends that he did not, in fact, possess a "weapon" or "dangerous weapon" within the meaning of the statutes and/or regulation at issue in Counts One and Two.  He further brings an as-applied challenge to Count Two, arguing, based on facts outside the indictment, that the statute under which he is charged is unconstitutionally vague.  All three of Mr. Houston's motions to dismiss (Docs. 14, 21, 46) ask the Court to consider Defendant's assertion that the item he allegedly tried to bring through airport security on November 8, 2022, was the frame of a revolver, unaccompanied by a cylinder.  (Doc. 14 at 1; Doc. 21 at 1; Doc. 46 at 2.)  Per Defendant, the revolver frame was not a "dangerous weapon" or "weapon" within the applicable statutory and regulatory definitions because it was not capable of firing a projectile.  (*See id.*)  As for Count Two, Mr. Houston contends that §§ 46314(a) and (b)(2) are unconstitutionally vague as to whether they cover the conduct at issue — possessing part of a revolver but not the cylinder.  (Doc. 21 at 3.)

2

The Magistrate Judge considered the foregoing arguments and determined that the three motions to dismiss necessarily rely on proffered facts outside the indictment. (Doc. 56.) On this basis, the Magistrate Judge recommends that Mr. Houston's motions to dismiss should be denied without prejudice to the legal issues being renewed at trial upon an appropriate factual record. (*Id.* at 2, 7.) Mr. Houston offers brief objections to the R&R. (Doc. 64.) After due consideration, the Court enters the following order.

## I. Legal Standard

Pursuant to 28 U.S.C. § 636(b)(1), the Court must conduct a de novo review of those portions of the R&R to which Defendant has timely and specifically objected. The Court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667 (1980). For a party's objections to warrant de novo review, he "must clearly advise the district court and pinpoint the specific findings that [he] disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009). "Frivolous, conclusive, or general objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988). Those portions of the R&R to which there are no objections will be assessed for clear error. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373 (N.D. Ga. 2006) ("[I]ssues upon which no

specific objections are raised do not so require de novo review; the district court may therefore 'accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge[,]' applying a clearly erroneous standard.") (quoting 28 U.S.C. § 636(b)(1)).

## II.  Discussion

In his objections, Mr. Houston does not challenge the sufficiency of the indictment's charging language.  The parties appear to agree that the counts, on their face, state a claim.  Mr. Houston instead argues that it is "undisputed" that the item he is alleged to have possessed for purposes of both Counts One and Two is "the frame of a revolver without a cylinder."  (Doc. 64 at 3.)  He states that this fact "can be seen through a police officer bodycam video from the incident at Hartsfield-Jackson Atlanta Airport and from pictures of the item, which has remained in police custody."  (*Id.*)  He argues that the Court can dismiss the indictment because the item in question is neither a "dangerous weapon" under Count One nor a "weapon" under Count Two.  (*Id.*) These arguments essentially repeat those made to the Magistrate Judge.

Under Rule 12 of the Federal Rules of Criminal Procedure, a defendant can challenge an indictment as defective for failure to state an offense.  *See* Fed. R. Civ. P. 12(b)(3)(B)(v).  As the Magistrate Judge found, however, "[i]n ruling on a motion to dismiss for failure to state an offense, a district court is

limited to reviewing the *face* of the indictment and, more specifically, the *language used* to charge the crimes." *United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006). A court may not dismiss an indictment on a determination of facts that should have been developed at trial. *See, e.g., United States v. Torkington*, 812 F.2d 1347, 1354 (11th Cir. 1987).

As stated above, Mr. Houston contends that his characterization of the item he allegedly possessed is undisputed on the current record. However, the question of whether the revolver frame was or was not accompanied by a cylinder is a factual matter not appropriate for summary resolution by this Court. The Eleventh Circuit has held that district courts may not dismiss an indictment based on facts outside the indictment, *even if those facts are undisputed*. *See United States v. Salman*, 378 F.3d 1266, 1267-68 (11th Cir. 2004) ("By looking beyond the face of the indictment and ruling on the merits of the charges against Salman, the district court in effect granted summary judgment in favor of the defendant . . . In so doing, the district court overlooked binding precedent from this court."); *see also United States v. Wheat*, No. 1:17-CR-0229-AT, 2020 WL 503007, at *3 (N.D. Ga. Jan. 31, 2020) (explaining that there is no summary judgment procedure in criminal cases and denying a motion to dismiss indictment "because this Court is not authorized to dismiss an indictment based on facts outside the indictment, even if those

facts are undisputed. . . ."); *United States v. Turtle*, 365 F. Supp. 3d 1242, 1244 (M.D. Fla. 2019) (stating that the Eleventh Circuit "does not permit district courts to dismiss an indictment based on facts outside the indictment, even if those facts are undisputed.").

As for Count Two, the proper time to raise an as-applied challenge to the statute would be at trial through a Rule 29 motion rather than on a pretrial motion to dismiss. *See, e.g., United States v. Walton*, No. 1:16-CR-145-TWT-JKL, 2018 WL 7021860, at *4 n.5 (N.D. Ga. Nov. 5, 2018), *report and recommendation adopted,* No. 1:16-CR-145-2-TWT, 2019 WL 188432 (N.D. Ga. Jan. 14, 2019); *United States v. Lara-Mondragon*, No. 2:11-CR-010-RWS-SSC, 2011 WL 13136622, at *2 (N.D. Ga. Nov. 7, 2011), *report and recommendation adopted,* No. 2:11-CR-00010, 2012 WL 12904145 (N.D. Ga. Mar. 27, 2012).

Mr. Houston's objections do not address the R&R's reasoning or the binding legal principles set forth above. Mr. Houston does not point to any factual or legal error in the R&R. Having conducted a review of the arguments presented on the motions to dismiss, and after considering the applicable legal authority, the Court determines that the Magistrate Judge's analysis is correct. Thus, Defendant's objections to the R & R are overruled.

## III.   Conclusion

For the reasons stated above, the Court overrules Mr. Houston's objections (Doc. 64) and **ADOPTS** the Magistrate Judge's R&R (Doc. 56).  Mr. Houston's motions to dismiss counts (Doc. 14, 21, 46) are **DENIED** without prejudice to renewal at trial.

**SO ORDERED** this 6th day of July, 2026.

_____
SARAH E. GERAGHTY
United States District Judge

7