UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

v.

JULIUS HOUSTON,

Defendant.

CRIMINAL ACTION NO.

1:25-CR-00267-SEG-JSA

## **O R D E R**

On June 11, 2025, a grand jury returned an indictment charging Julius Houston with (1) knowingly possessing a "concealed dangerous weapon, that is, a Heritage Barkeep .22 caliber pistol, which would have been accessible to him during flight," when attempting to board a Spirit Airlines aircraft, in violation of 49 U.S.C. § 46505(b)(l) (Count One); and (2) knowingly and willfully entering an airport area with intent to evade security procedures and restrictions, by possessing a "firearm" while entering an airport security checkpoint area, in violation of 49 U.S.C. § 46314(a) and (b)(2) (Count Two). The offenses are alleged to have occurred on November 8, 2022, about two-and-one-half years before the date of the indictment.  (Doc. 1.)

While the indictment was timely under the statute of limitations, Mr. Houston moves to dismiss this case for excessive pre-indictment delay in violation of his Fifth Amendment right to due process.  (Docs. 13, 19.)  The

Magistrate Judge recommends that the motion be denied because Mr. Houston has not shown that the delay prejudiced his defense, or that it resulted from a deliberate design by the Government to gain a tactical advantage over him. (Doc. 57.) Mr. Houston objects to the R&R. (Docs. 65, 68.)[1] After due consideration, the Court enters the following order.

## I. Legal Standard

Pursuant to 28 U.S.C. § 636(b)(1), the Court must conduct a de novo review of those portions of the R&R to which Defendant has timely and specifically objected. The Court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667 (1980). For a party's objections to warrant de novo review, he "must clearly advise the district court and pinpoint the specific findings that [he] disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009). "Frivolous, conclusive, or general objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988). Those portions of the R&R to which there are no objections will be assessed for clear error. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373 (N.D. Ga. 2006) ("[I]ssues upon which no

---

[1] Mr. Houston states that his amended objections "amend and supersede" his previously filed objections. (Doc. 68 at 1.)

specific objections are raised do not so require de novo review; the district court may therefore 'accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge[,]' applying a clearly erroneous standard.") (quoting 28 U.S.C. § 636(b)(1)).

## II.   Discussion

"[S]tatutes of limitations . . . provide 'the primary guarantee[] against bringing overly stale criminal charges.'"  *U.S. v. Lovasco*, 431 U.S. 783, 789 (1977) (quoting *U.S. v. Marion*, 404 U.S. 307, 322 (1971)).  However, in certain circumstances, a delay in bringing an indictment can violate a defendant's due process rights even when the defendant was indicted within the applicable statute of limitations.  *Lovasco*, 431 U.S. at 789; *United States v. Gayden*, 977 F.3d 1146, 1150 (11th Cir. 2020).

To show a due process violation based on the Government's delay in bringing an indictment, a defendant must "establish both (1) that the delay actually prejudiced his defense, and (2) that it resulted from a deliberate design by the government to gain a tactical advantage over him."  *United States v. Farias*, 836 F.3d 1315, 1325 (11th Cir. 2016).  This standard is "an exceedingly high one."  *United States v. Butler*, 792 F.2d 1528, 1533 (11th Cir. 1986) (quoting *Tiemens v. United States*, 724 F.2d 928, 929 (11th Cir. 1984)). Further, "[a]bsent a prima facie showing that the defendant was actually

3

prejudiced by the delay in charging him and that the government purposefully delayed to gain a tactical advantage, an evidentiary hearing on pre-indictment delay is not warranted." *United States v. McTaggert*, No. 1:21-CR-00189, 2022 WL 868711, at *3 (N.D. Ga. Mar. 22, 2022) (citing *Farias*, 836 F.3d at 1325). The Magistrate Judge found that Mr. Houston did not meet the exceedingly high standard to show a due process violation for the pre-indictment delay in this case. The undersigned agrees.

### A. Actual Prejudice

"A stringent standard is employed when examining the issue of prejudice" for pre-indictment delay. *United States v. LeQuire*, 943 F.2d 1554, 1560 (11th Cir. 1991). "The prejudice shown must be such as to impair the fairness of the trial." *LeQuire*, 943 F.2d at 1560 (quoting *United States v. Solomon*, 686 F.2d 863, 872 (11th Cir. 1982)). "[A]ctual prejudice and not merely the real possibility of prejudice inherent in any extended delay, must be demonstrated." *United States v. Barragan*, 752 F. App'x 799, 801 (11th Cir. 2018) (internal quotations omitted). The prejudice must be "substantial." *United States v. Foxman*, 87 F.3d 1220, 1222 (11th Cir. 1996).

The Court does not condone the two-and-one-half-year pre-indictment delay in this case, especially given that this is a one-defendant indictment with a finite factual underpinning. That said, the Court finds that the Magistrate

4

Judge reached the correct result on the issue of prejudice under the binding case law.  While Mr. Houston argues that the delay in bringing the indictment caused him to experience housing instability and "mental stress, anxiety, and trauma[,]" (Doc. 19 at  5-6), he does not point to any authority (and the Court has found none) to show that such consequences, standing alone, are sufficient to constitute actual prejudice for purposes of the due process analysis.  *See, e.g., United States v. Stoudemire*, No. 1:20-CR-220, 2021 WL 1940656, at *3 (N.D. Ga. May 14, 2021) (finding that "anxiety" and inability to participate in a particular rehabilitation program did not rise to the level of prejudice to establish a due process violation for pre-indictment delay).  Neither has Mr. Houston asserted facts to show that the delay caused any "actual prejudice" to the conduct of his defense or trial preparation.  *United States v. Witchard*, 646 F. App'x 793, 796 (11th Cir. 2016) ("[T]he accused must show that the prejudice impaired the fairness of the trial.").

In his objections, Mr. Houston argues that, given the length of the delay, "*[i]t can reasonably be expected* that . . . Mr. Houston's ability to defend himself will be adversely affected by faded memories of witnesses."  (Doc. 68 at 3 (emphasis added).)   However, this argument was not raised before the Magistrate Judge.  (*See generally* Doc. 19.)  Further, the Eleventh Circuit has held that "[f]aded memories occasioned by preindictment delay do not alone

satisfy the actual prejudice requirement." *United States v. Corbin*, 734 F.2d 643, 648 (11th Cir. 1984) (finding that a three-year, pre-indictment delay did not cause prejudice, even where witnesses had died, because defendants gave "no indication of what these witnesses would have been able to testify to and whether the substance of such testimony was otherwise unavailable."). And general, speculative allegations of prejudice from delay are insufficient to satisfy the exceedingly high legal standard that applies here. *See Farias*, 836 F.3d at 1325 ("Farias's vague allegation, stated at the highest order of abstraction, that the passage of time made it more difficult for him to reconstitute his records for the charged transactions failed to explain how he suffered any actual prejudice."). For these reasons, Mr. Houston has not made a threshold showing that the pre-indictment delay caused him actual prejudice.[2]

---

[2] Mr. Houston objects to the following sentences in the R&R:

> There is no allusion to any dissipated evidence. To the contrary, it appears that the gun and its packaging along with the x-ray images and the recording of [the] police encounter with Defendant have all been retained.

(Doc. 68 at 3 (quoting Doc. 57 at 5.)). Mr. Houston states that, contrary to the above-quoted assertion, "there is no indication" that "packaging items have been retained." (Doc. 68 at 3.) Mr. Houston did not make any argument about unretained "packaging items" before the Magistrate Judge and does not provide any record citation in his objections to support any assertion of lost

## B. Deliberate Delay

"Because Defendant[ ] ha[s] not made a showing that [he] w[as] actually prejudiced by the preindictment delay, the Court's analysis need not go further." *United States v. Lopez-Giraldo*, No. 1:17-CR-395, 2021 WL 1899363, at *5 (N.D. Ga. Feb. 23, 2021), *report and recommendation adopted,* No. 1:17-CR-395, 2021 WL 1248554 (N.D. Ga. Apr. 5, 2021); *see also Corbin*, 734 F.2d at 647-48 ("We need not reach the question of whether the delay was intended to gain tactical advantage, because the defendants have made no showing that they were prejudiced by the delay.").

In the interest of thoroughness, however, the Court also addresses the "tactical delay" element of the due process analysis. As the Magistrate Judge found, Mr. Houston does not make any specific allegations about tactical delay. He instead speculates based on the length of the delay that there is a "reasonable probability" that the Government delayed Mr. Houston's prosecution to gain a tactical advantage. (Doc. 68 at 2.) This is insufficient to show that his motion should be granted. *United States v. Gayden*, 977 F.3d

---

evidence. Further, Mr. Houston offers no argument to show the undersigned what role "packaging items" play in the prosecution or defense of this case or how the alleged loss of any such items causes actual prejudice to his defense. *U.S. v. Marion*, 404 U.S. 307, 326 (1971) (stressing that "actual prejudice," rather than the "possibility" of prejudice, must be shown to demonstrate a due process violation for pre-indictment delay). As such this objection is overruled.

7

1146, 1150-51 (11th Cir. 2020) ("At best, Gayden's position can be summed up as 'the government failed to explain the delay' – which places the burden on the wrong party – and 'the government should have completed its investigation more quickly' – which does not adequately show a 'tactical delay.'"); *Stoudemire*, 2021 WL 1940656, at *4 (finding that "bare speculation about the government's motives" is not sufficient to carry the defendant's burden to show deliberate conduct to gain a tactical advantage); *United States v. Holland*, 396 F. Supp. 3d 1210, 1226 (N.D. Ga. 2019) (denying motion to dismiss for pre-indictment delay, where defendants "failed to point to facts or evidence from which the Court could infer that the Government's delay was a deliberate act to gain a tactical advantage. . .") (internal quotations omitted).

Finally, Mr. Houston objects to the denial of his motion without an evidentiary hearing. (Doc. 65 at 1.) He argues that he requires a hearing to develop facts in support of his deliberate-delay theory because the reason for the delay is in the Government's possession. (*Id*. at 2-3.) The Magistrate Judge correctly concluded that Mr. Houston was not entitled to a hearing. Mr. Houston did not identify facts sufficient to support a threshold showing of actual prejudice or tactical delay. As for the latter prong, Mr. Houston has not even hinted at any facts supporting deliberate delay. The Eleventh Circuit has held that no hearing is required under such circumstances. *See Farias*, 836

8

F.3d at 1325 (finding that the defendant was not entitled to a hearing where he "made absolutely no showing that the pre-indictment delay was the product of deliberate design by the government to gain a tactical advantage over him."); *see also Stoudemire*, 2021 WL 1940656, at *4 (finding that defendant was not entitled to a hearing because he did not identify any actual prejudice in support of his due process claim); *United States v. Thomas*, No. 1:12:CR-188, 2012 WL 6963671, at *5 (N.D. Ga. Dec. 31, 2012), *report and recommendation adopted,* No. 1:12-CR-188, 2013 WL 362860 (N.D. Ga. Jan. 30, 2013) (denying request for evidentiary hearing where defendants "have not alleged a single fact which would lend support to a claim that the delay was deliberately caused by the government to gain a tactical advantage over the defendants.").

## III.   Conclusion

For the reasons stated above, the Court overrules Mr. Houston's objections (Doc. 65, 68) and **ADOPTS** the Magistrate Judge's R&R (Doc. 57). Mr. Houston's motion to dismiss the indictment for pre-indictment delay (Doc. 19) is **DENIED**.

**SO ORDERED** this 6th day of July, 2026.

_____
SARAH E. GERAGHTY
United States District Judge

9